UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
LAS CRUCES DIVISION

| | |
|---|---|
| **RANDY WILLIAMSON, On Behalf of Himself and All Others Similarly Situated,** § § § | |
| **Plaintiff,** § § | |
| § | **CIVIL ACTION NO. _____** |
| **v.** § § | |
| **AMERIFLOW ENERGY SERVICES, LLC,** § § § | |
| **Defendant.** § | |

## PLAINTIFF'S ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT

1. Defendant Ameriflow Energy Services, LLC ("Defendant") required Plaintiff Randy Williamson ("Plaintiff") to work more than forty (40) hours in a workweek as a flow tester. Plaintiff is an hourly paid employee who monitors oil and gas wells. Defendant misclassified Plaintiff as an independent contractor and as such paid him straight time for overtime hours worked.

2. Defendant's conduct violates the Fair Labor Standards Act, which requires non-exempt employees to be compensated for all hours in excess of forty (40) in a workweek at one and one-half times their regular rate. *See* 29 U.S.C. § 207(a). Defendant's conduct also violates the New Mexico Minimum Wage Act ("NMMWA"), N.M. STAT. ANN. § 50-4-22(D), which, like its federal counterpart, requires compensation for each hour over 40 at one and one-half times an employee's regular rate.

1

3.	Plaintiff brings a collective action to recover unpaid overtime compensation owed to him individually and on behalf of all current and former hourly-paid workers who performed work for Defendant associated with monitoring and maintaining oil and gas wells throughout the United States during the three-year period before the filing of this Complaint up to the date the court authorizes notice.

4.	Plaintiff also brings his claims under the New Mexico Minimum Wage Act, *see* N.M. STAT. ANN. §§ 50-4-1, *et seq.*, for Defendant's failure to pay Plaintiff, and other similarly-situated persons, all earned overtime for work performed in New Mexico. Plaintiff brings these state law claims as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

## SUBJECT MATTER JURISDICTION AND VENUE

5.	This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1332(d)(1).

6.	This Court also has supplemental jurisdiction over the state law claims raised herein pursuant to 28 U.S.C. § 1367 because those claims do not raise novel or complex issues of state law and because those claims derive from a common nucleus of operative facts from which the FLSA claims stated herein derive.

7.	Venue is proper in the District of New Mexico because a substantial portion of the events forming the basis of this suit occurred in this district.

## PARTIES AND PERSONAL JURISDICTION

8.	Plaintiff Randy Williamson is an individual residing in Lea County, New Mexico. Plaintiff's written Consent to this action is attached hereto as Exhibit "A." Plaintiff performed work for Defendant in New Mexico during the last three years.

9. The "FLSA Class Members" are all current and former hourly-paid workers who performed work for Defendant associated with monitoring and maintaining oil and gas wells throughout the United States during the three-year period before the filing of this Complaint. The "New Mexico Class Members" are a subset of the FLSA Class Members that performed work for Defendant in New Mexico during the three-year period before the filing of this Complaint up to the date this Court certifies the New Mexico class under Rule 23.

10. Defendant Ameriflow Energy Services, LLC is a foreign limited liability company doing business throughout the United States including New Mexico. Defendant may be served with process through its registered agent Capitol Document Services, Inc., at 55 Old Santa Fe Trial, 2nd Floor, Santa Fe, NM 87501 or wherever it may be found.

11. This Court has personal jurisdiction over the Defendant because it has purposefully availed itself of the privilege of conducting business activities in the state of New Mexico and established minimum contacts sufficient to confer jurisdiction. The assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

12. The causes of action herein arise from or relates to the contacts of Defendant with New Mexico thereby conferring specific jurisdiction over Defendant as well. In particular, Defendant employed workers in New Mexico and failed to pay those workers in accordance with the Fair Labor Standards Act. The claims asserted in this action are based on the contact that Defendant had with the forum state.

## COVERAGE

13. At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

14. At all material times, Defendant has been an employer within the meaning of N.M. STAT. ANN. § 50-4-21(B).

15. At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

16. At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

17. Furthermore, Defendant has an annual gross business volume of not less than $500,000.

18. At all material times, Plaintiff and Class Members were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

19. At all material times, Plaintiff and Class Members were employees of Defendant with the meaning of N.M. STAT. ANN. § 50-4-21(C).

## FACTUAL ALLEGATIONS APPLICABLE TO ALL COUNTS

20. Defendant provides oil and gas well monitoring services to energy companies nationwide.

21. Defendant employs their workforce to monitor and maintain oil and gas wells in multiple states including New Mexico, Arkansas, Colorado, Kansas, Louisiana, Ohio, Oklahoma, Texas, Wyoming, and Pennsylvania.

22. Plaintiff, FLSA Class Members, and New Mexico Class Members are employed by Defendant as flow testers. As such, their primary duties consist of monitoring oil and gas wells located throughout New Mexico and the United States.

23. Plaintiff, FLSA Class Members, and New Mexico Class Members worked on a regular basis for Defendant at various oil and gas well locations, monitoring such oil and gas wells.

24. Plaintiff Randy Williamson worked for Defendant's benefit monitoring oil and gas wells at multiple locations throughout New Mexico.

25. On or about February of 2011, Plaintiff Williamson began working at Defendant's New Mexico locations in Carlsbad, New Mexico.

26. While working for Defendant at these various locations, Plaintiff interacted with and became familiar with the way Defendant treats other employees with respect to overtime pay and that they misclassify such workers as independent contractors. Therefore, Plaintiff has first-hand personal knowledge of the same pay violations throughout Defendant's operation at multiple geographical locations.

27. Defendant paid Plaintiff, FLSA Class Members, and New Mexico Class Members on an hourly basis.

28. Defendant hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer with regard to Plaintiff, FLSA Class Members, and New Mexico Class Members.

29. In addition, Defendant instructed Plaintiff, FLSA Class Members, and New Mexico Class Members about when, where, and how they were to perform their work.

30. Moreover, the following conduct further demonstrates that Defendant acted as an employer with respect to Plaintiff, FLSA Class Members, and New Mexico Class Members:

   a. Defendant required Plaintiff, FLSA Class Members, and New Mexico Class Members to turn in the hours they worked once a week just like normal hourly-paid employees (Defendant conveniently labeled these time sheets "invoices" to further their misclassification ruse);

   b. Defendant paid Plaintiff, FLSA Class Members, and New Mexico Class Members on a non-negotiable hourly rate they unilaterally set;

   c. Defendant required Plaintiff, FLSA Class Members, and New Mexico Class Members to report to their assigned well at a set time;

   d. Plaintiff, FLSA Class Members, and New Mexico Class Members had no control over what well they may be assigned to;

   e. Defendant required Plaintiff, FLSA Class Members, and New Mexico Class Members to request time off in advance and have that time off preapproved;

   f. Defendant issued work orders to Plaintiff, FLSA Class Members, and New Mexico Class Members;

   g. Defendant assigned Plaintiff, FLSA Class Members, and New Mexico Class Members so many work hours per week (often more than 100) that, as a practical matter, they were prevented from working for any other company;

   h. Defendant controlled the amount of hours Plaintiff, FLSA Class Members and New Mexico Class Members worked;

   i. Defendant dictated the locations at which Plaintiff, FLSA Class Members, and New Mexico Class Members worked;

j. Defendant required Plaintiff, FLSA Class Members, and New Mexico Class Members to work more than forty (40) hours per workweek, and typically Plaintiff, FLSA Class Members and New Mexico Class Members worked more than one-hundred (100) hours per workweek;

k. Plaintiff, FLSA Class Members, and New Mexico Class Members' services were integrated into Defendant's operations;

l. Plaintiff, FLSA Class Members, and New Mexico Class Members were required to perform their work in an order set by Defendant;

m. Plaintiff, FLSA Class Members, and New Mexico Class Members worked for Defendant for long and indefinite periods of time, often years, as is common with employees;

n. Defendant had rules that Plaintiff, FLSA Class Members, and New Mexico Class Members were required to follow when performing their jobs; and

o. Defendant maintained the right to discharge Plaintiff, FLSA Class Members, and New Mexico Class Members at will.

31. Furthermore, the degree of investment Plaintiff, FLSA Class Members and New Mexico Class Members made to perform their work pales in comparison to the expenses Defendant incurred. Plaintiff, FLSA Class Members, and New Mexico Class Members were required to supply simple hand tools, such as wrenches or a hammer. On the other hand, Defendant provided equipment worth hundreds of thousands of dollars including sand traps, water pumps flow back tanks, generators, valves, gauges, pipe, light plants, generators, and flare stacks.

32. Defendant markets themselves as a turnkey solution for the flowback aspect of well production. They sell or lease all the necessary industrial equipment to accomplish production at the well site. Part of the complete package they offer their customers is the services of Plaintiff and his fellow flowtesters. As such, the work of the flowtesters is integral to Defendant's business.

33. A substantial portion of Defendant's annual revenue is derived from work performed by Plaintiff, FLSA Class Members and New Mexico Class Members.

34. Despite these facts, Defendant improperly classified Plaintiff, FLSA Class Members, and New Mexico Class Members as independent contractors and not employees.

35. Defendant classified their employees as independent contractors to avoid their obligations to pay employees pursuant to the FLSA as well as to reap other benefits of such illegal classification such as reduced tax liability, avoiding paying workers' compensation insurance, and other forms of insurance and to pass on Defendant's operational costs to their work force.

36. However, at all times, the flow testers and other similarly situated workers were employees of Defendant.

37. Although Plaintiff has been required to work more than forty (40) hours per work-week, and did so frequently, Plaintiff was not compensated at the FLSA and NMMWA mandated time-and-a-half rate for hours in excess of forty (40) per workweek.

38. Instead, Plaintiff was paid a flat hourly rate for all hours worked, regardless of how many hours he actually worked.

39. That is, Defendant paid Plaintiff straight time for overtime hours.

40. No FLSA exemption applies to hourly-paid employees such as Plaintiff and FLSA Class Members.

41. No exemptions under the NMMWA apply to Plaintiff or New Mexico Class Members.

42. Defendant's method of paying Plaintiff in violation of the FLSA was willful and was not based on a good faith and reasonable belief that its conduct complied with the FLSA. Indeed, Defendant's conduct is all the more egregious because it intentionally set up a paper facade that belied the true interaction and conduct of the company and its workforce.

43. Defendant's misclassification was not by accident, but a well thought out scheme to reduce their labor costs. Accordingly, Defendant's violations of the FLSA were willful.

## VIOLATION OF 29 U.S.C. § 207

44. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

45. Defendant's practice of failing to pay Plaintiff time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

46. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendant or Plaintiff and the FLSA Class Members.

## COLLECTIVE ACTION ALLEGATIONS

47. Plaintiff has actual knowledge that FLSA Class Members have been denied overtime pay for hours worked over forty (40) hours per workweek as a result of Defendant's misclassification of its employees.

48. Plaintiff's knowledge is based on his personal work experience and through communications with other workers of Defendant while performing work throughout New Mexico.

49. Other hourly paid workers similarly situated to the Plaintiff work for Defendant throughout the United States, but are not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty (40) hours per workweek.

50. Although Defendant permitted and/or required FLSA Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty (40).

51. Defendant has classified and continues to classify FLSA Class Members as independent contractors.

52. FLSA Class Members perform or have performed the same or similar work as Plaintiff and were misclassified as independent contractors by Defendant.

53. FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

54. As such, FLSA Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, misclassification as independent contractors and/or the denial of overtime pay.

55. Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of FLSA Class Members.

56. The experiences of Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of FLSA Class Members.

57. The specific job titles or precise job responsibilities of each FLSA Class Member does not prevent collective treatment.

58. All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

59. Although the exact amount of damages may vary among FLSA Class Members, the damages for FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all FLSA Class Members.

60. As such, the class of similarly situated Plaintiffs for the FLSA Class is properly defined as follows:

> All current and former hourly-paid workers classified as independent contractors who performed work for Defendant associated with monitoring and maintaining oil and gas wells throughout the United States during the three-year period before the filing of this Complaint up to the date the court authorizes notice.

## COUNT TWO:
## VIOLATION OF THE NEW MEXICO MINIMUM WAGE ACT—
## OVERTIME (CLASS ACTION)

61. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

62. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the NMMWA. At all relevant times, Defendant has employed and continue to employ, "employees," including the New Mexico Class Members and Plaintiff, within the meaning the NMMWA.

63. The NMMWA requires payment of one and one-half times the employee's regular rate for each hour worked per week over 40 hours. N.M. STAT. ANN. § 50-4-22(D).

64. As a result of the foregoing conduct, as alleged, Defendant has failed to pay wages due under the NMMWA, thereby violating, and continuing to violate, the NMMWA.

65. Plaintiff brings his claims on behalf of himself and all similarly situated employees pursuant to N.M. STAT. ANN. § 50-4-26(C)-(E) which authorizes a private cause of action for Plaintiff and the New Mexico Class Members to recover their unpaid wages plus interest, an additional amount equal to twice the unpaid or underpaid wages, as well as costs of court and attorneys' fees.

## **RULE 23 CLASS ACTION ALLEGATIONS**

66. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

67. Plaintiff brings his overtime claims arising under the NMMWA as a Rule 23 class action on behalf of the following class:

> All current and former hourly paid workers of Defendant who performed work in New Mexico and were paid for at least one week as an independent contractor during the three-year period before the filing of this Complaint up to the present.

68. Although Plaintiff does not know the precise number of members of the proposed class, Plaintiff believes there are more than 40.

69. The members of the class are so numerous that their individual joinder is impractical.

70. The identity of the members of the New Mexico class is readily discernible from Defendant's records.

71. Plaintiff and the proposed New Mexico class on one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages plus penalties, interest, attorneys' fees and the cost of this lawsuit.

72. Common questions of law and fact exist to all members of the class. These questions predominate over the questions affecting individual class members. These common legal and factual questions include, but are not limited, to the following:

   a) Whether Plaintiff and the New Mexico Class Members worked hours in excess of forty per work week;

   b) Whether Plaintiff and the New Mexico Class Members were denied overtime pay at a rate less than one and one half times their regular rate as proscribed by New Mexico Law;

   c) Whether Defendant failed to properly classify Plaintiff and New Mexico Class Members as employees under New Mexico Law; and

   d) The calculation of damages.

73. These and other common questions of law and fact, which are common to the members of the class, predominate over any individual questions affecting only individual members of the class.

74. Plaintiff's claims are typical of the claims of the class because Plaintiff was not paid overtime wages in accordance with New Mexico law and because Defendant classified him as an independent contractor, just as was done with respect to the New Mexico Class Members.

75. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class that he seeks to represent. Plaintiff has retained competent counsel, highly experienced in complex class action litigation, and they intend to prosecute this

action vigorously. The interests of the class will be fairly and adequately protected by Plaintiff and his counsel.

76. The class action under New Mexico state law is superior to other available means of fair and efficient adjudication of the state law claims of Plaintiff and the Class Members. The injuries suffered by each individual class member are relatively small in comparison to the burden and expense of individual prosecution of a complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the class individually to redress effectively the wrongs done to them; even if the members of the class could afford such individual litigation, the court system could not. Individualized litigation presents the possibility for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and to the court system presented by the complex, legal and factual issues of the case. By contrast, the class action presents far fewer logistical issues and provides the benefits of a single adjudication, economy of scale and comprehensive supervision by a single court.

## DAMAGES SOUGHT

77. Plaintiff and the FLSA Class Members are entitled to recover their unpaid overtime compensation. 29 U.S.C. §§ 207, 216.

78. Plaintiff and the New Mexico Class Members are entitled to recover their unpaid overtime compensation. N.M. STAT. ANN. §§ 50-4-22, 50-4-26.

79. Plaintiff and the FLSA Class Members are entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

80. Plaintiff and the New Mexico Class Members are entitled to an amount equal to twice their unpaid wages as liquidated damages. N.M. STAT. ANN. § 50-4-26(C).

81.     Plaintiffs and the FLSA Class Members are entitled to recover attorney's fees and costs.  29 U.S.C. § 216(b).

82.     Plaintiff and the New Mexico Class Members are entitled to recover attorney's fees and costs.  N.M. STAT. ANN. § 50-4-26(E).

83.     Plaintiff and the New Mexico Class Members are entitled to recover interest for their unpaid wages.  N.M. STAT. ANN. § 50-4-26(C).

## **PRAYER**

84.     For these reasons, Plaintiff, on behalf of himself and the FLSA Class Members and New Mexico Class Members respectfully request that judgment be entered in their favor awarding them the following:

   a. Overtime compensation for all hours worked over forty in a workweek at the applicable time-and-a-half rate;

   b. Liquidated damages in an amount equal to their unpaid overtime as allowed under the FLSA and twice the amount of their unpaid overtime for all work performed in New Mexico;

   c. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA and NMMWA, together with interest for all unpaid wages accruing in New Mexico; and

   d. Such other and further relief to which Plaintiff and Class Members may be entitled, at law or in equity.

Respectfully submitted,

**KENNEDY HODGES, L.L.P.**

By: /s/ Galvin B. Kennedy
    Galvin B. Kennedy
    Texas Bar No. 00796870
    711 W. Alabama St.
    Houston, TX 77006
    Telephone:  (713) 523-0001
    Facsimile:   (713) 523-1116
    Email:         gkennedy@kennedyhodges.com

LEAD ATTORNEY IN CHARGE FOR
PLAINTIFFS AND CLASS MEMBERS

**OF COUNSEL**:
Udyogi Hangawatte
Texas Bar No. 24094698
KENNEDY HODGES, L.L.P.
711 W. Alabama St.
Houston, TX  77006
Telephone:   (713) 523-0001
Facsimile:    (713) 523-1116
Email:          uhangawatte@kennedyhodges.com

**LOCAL COUNSEL**:
Daniel M. Faber
4620C Jefferson Lane NE
Albuquerque, NM 87109
Telephone:   (505) 830-0405
Facsimile:    (505) 830-3641
Email:          dan@danielfaber.com

CONSENT FORM FOR
WAGE CLAIM

Printed Name: Randy Williamson

1.   I consent and agree to pursue my claims of unpaid overtime and/or minimum wage through a lawsuit filed against my current/former employer.

2.   I understand that this lawsuit may be brought under the Fair Labor Standards Act and/or all applicable state laws. I hereby consent, agree and opt-in to become a plaintiff in any such action and be bound by any judgment by the Court or any court approved settlement of such action.

3.   I intend to pursue my claim individually, unless and until the court certifies this case as a collective or class action. If necessary, I agree to serve as the class representative if the court approves.

4.   In the event the case is certified and then decertified, I authorize Plaintiffs' counsel to use this Consent Form to re-file my claims in a separate or related action against my employer.

(Signature) Randy Williamson    (Date Signed) 09/14/2015

The information provided below is intended for my attorney and will not be filed with the court:

EXHIBIT A