IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

RANDY WILLIAMSON, on behalf
of himself and all others similarly situated,

    Plaintiff,

v.                                            Civ. No. 15-878 MCA/GJF

AMERIFLOW ENERGY SERVICES
L.L.C., CRESCENT SERVICES L.L.C.,
and CRESCENT CONSULTING L.L.C.,

    Defendants.

## PROPOSED FINDINGS AND
## RECOMMENDED DISPOSITION

On February 25, 2016, Plaintiff filed his "Motion for Conditional Certification and *Hoffman La Roche* Notice" ("Motion").  ECF No. 21.  On March 21, 2016, Defendants filed their "Response in Opposition to Plain[t]iff's Motion for Conditional Certification and *Hoffman La Roche* Notice" ("Response").  ECF No. 39.  The Motion became ripe for ruling upon the filing of Plaintiff's "Reply to Defendants' Opposition to Plaintiff's Motion for Conditional Certification" ("Reply") on April 11, 2016.  ECF No. 43.[1]  Having reviewed the record, the parties' briefing, and extant case law, the undersigned recommends that Plaintiff's Motion be **GRANTED IN PART** and **DENIED IN PART**.  The Court's reasoning follows below.

### I.    BACKGROUND

On September 30, 2015, Plaintiff Randy Williamson filed this action alleging violations of wage and overtime laws under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-19 (2012), and the New Mexico Minimum Wage Act ("NMMWA"), N.M. STAT. ANN. §§ 50-4-19

---

[1] On March 15, 2016, Chief U.S. District Judge M. Christina Armijo referred Plaintiff's Motion to the undersigned. ECF No. 35.

to 50-4-30 (2016).[2]   In his Amended Complaint [ECF No. 10], he alleges that Defendants misclassified him and others as independent contractors when they were in fact employees and therefore subject to the wage and overtime provisions of the FLSA. In alleging that Defendants also misclassified similarly situated workers, Plaintiff makes a series of allegations pertaining to the collective class.  *See* Pl.'s Am. Compl. ¶¶ 22–77, ECF No. 10.  In filing the instant Motion, Plaintiff seeks conditional certification of the collective action under 29 U.S.C. § 216(b) for Defendants' alleged violations of 29 U.S.C. § 207.[3]  Pl.'s Mot. 1-12, ECF No. 21.

## II.   ISSUE PRESENTED

The issue of whether, as a matter of law, the FLSA requires Defendant to pay Plaintiff and potential class members either at a regular or overtime rate for the unpaid work in accordance with Defendants' policies is not now before this Court.  Instead, the Court must address only whether Plaintiff's FLSA claims should be certified as a collective action pursuant to section 216(b) of the FLSA.[4]

---

[2] Plaintiff's Motion does not request certification of a class for purposes of his state law claims under Federal Rule of Civil Procedure 23.  Thus, this Order will address only FLSA collective action certification.

[3] Section 207(a) of the FLSA requires employers to pay overtime wages to regular employees for any work in excess of forty hours a week.  29 U.S.C. § 207(a) (requiring employers to generally compensate for overtime hours "at a rate not less than one and one-half times the regular rate").

[4] The statute provides, in relevant part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages . . . .  An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b) (2012).

### III.   LEGAL STANDARD

Under section 216(b) of the FLSA, an individual employee or group of employees may bring claims against their employer on behalf of employees who are "similarly situated" to them. 29 U.S.C. § 216(b). Unlike "opt-out" class actions under Federal Rule of Civil Procedure 23, collective actions under the FLSA require affirmative consent by a current or former employee to join the class. *See id.* ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."). In other words, any putative class members who wish to join an FLSA collective action must affirmatively "opt-in" to do so.

Section 216(b) does not define the term "similarly situated." However, the Tenth Circuit has approved a two-step approach for determining whether plaintiffs in a proposed opt-in collective action are "similarly situated" for purposes of section 216(b). *See Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001). Under this approach, a court makes an initial "notice stage" determination about whether a group of plaintiffs are similarly situated. *Id.* at 1102. "That is, the court determines whether a collective action should be certified for purposes of sending notice of the action to potential class members." *In re Bank of Am. Wage & Hour Emp't Litig.*, 286 F.R.D. 572, 576 (D. Kan. 2012). A court must certify a case conditionally as a collective action before plaintiffs may send notice to putative class members of their right to opt-in. *Folger v. Medicalodges, Inc.*, No. 13–1203–MLB, 2014 WL 2885363, at *2 (D. Kan. June 25, 2014) (unpublished).

For conditional certification at the notice stage, courts "'require nothing more than substantial allegations that the putative class members were together the victims of a single

decision, policy, or plan.'" *Thiessen*, 267 F.3d at 1102 (quoting *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D. Colo. 1997)).  The plaintiff must establish a "reasonable basis" for his claim that there are other similarly situated employees.  *See Morgan v. Family Dollar Stores*, 551 F.3d 1233, 1260 (11th Cir. 2008).  "At the conditional certification stage, the Court does not weigh evidence, resolve factual disputes, or rule on the merits of the plaintiffs' claims." *Bryant v. Act Fast Delivery of Colo., Inc.*, No. 14-CV-00870-MSK-NYW, 2015 WL 3929663, at *2 (D. Colo. June 25, 2015) (unpublished).  This is a "lenient standard," *Baldozier v. American Family Mut. Ins. Co.*, 375 F. Supp. 2d 1089, 1092 (D. Colo. 2005), "which typically results in conditional certification of a representative class." *Renfro v. Spartan Computer Services, Inc.*, 243 F.R.D. 431, 432 (D. Kan. 2007).

The second stage occurs after discovery is complete.  *See Thiessen*, 267 F.3d at 1102–03. In the second stage, which often comes in the context of a defense motion to decertify the class, the court applies a stricter standard of "similarly situated" to determine whether the case can proceed as a collective action.  *Id.*

## IV.   CLASS CERTIFICATION

Plaintiff has asked this Court to certify the following class:

> All current and former workers classified as independent contractors who performed flow testing work for Defendants throughout the United States during the three-year period before the filing of Plaintiff's complaint up to the date this Court authorizes notice.

Pl.'s Mot. 3.  In support, Plaintiff has attached three affidavits (entitled "declarations"), one prepared by him, one prepared by Steve Nicholson, and one filed by Jeremy Saenz.  Pl.'s Mot. Exs. A, B, C.  The declarations contain assertions that all three individuals:

> (1) worked as flow testers for Defendants, monitoring the flow of materials from well heads to separators;

4

(2) were misclassified as independent contractors;

(3) know dozens of other flow testers that were also misclassified as independent contractors;

(4) worked twelve-hour daily schedules, which often led to work weeks in excess of seventy (70) hours;

(5) operated as actual employees of Defendants, as evidenced by, *inter alia*, submission of time sheets to Defendants, being supervised by Defendants' employees, and having to request time off in advance from Defendants; and

(6) were not paid overtime wages for weeks in which they worked over forty (40) hours.

*See id.*

Defendants challenge Plaintiff's attempt at certification. First, they contend that Plaintiff has failed to meet his burden of demonstrating that putative class members are "similarly situated" for purposes of FLSA certification. Defs.' Resp. 4-5, ECF No. 39. Next, Defendants challenge the status of putative class members as employees - as opposed to independent contractors - under the "economic realities test." *Id.* at 5-6. Additionally, based on Plaintiff's declaration that Defendants "paid [him] through a limited liability company but [he] knows other independent contractors were paid by direct deposit in their personal capacities,"[5] Defendants claim that "[m]any of the putative class members, including the Plaintiff, did not contract directly with [Defendants] to provide independent contractor flow tester services." *Id.* at 7. Finally, Defendants make various, related arguments alleging that Plaintiff has failed to establish that putative class members were subject to an unlawful general decision, policy, or plan. *Id.* at 8-16.

---

[5] Pl.'s Mot. Ex. A ¶10.

Applying only the threshold level of scrutiny appropriate to the first stage of FLSA collective action certification, the Court recommends that the presiding judge conclude that Plaintiff has met his burden of establishing that he and other putative class members were similarly situated insofar as they were designated as independent contractors by Defendants, rather than employees, and as a consequence, were not paid overtime wages.  At the notice stage, as Plaintiff emphasizes, the Court need not decide the merits of Defendants' challenges that he and putative class members were in fact employees, rather than independent contractors.  Pl.'s Reply 2-6, ECF No. 43.  That debate, after all, is what the entire lawsuit is about, the merits of which will be decided down the road.   It suffices that Plaintiff, through three separate declarations, has established a reasonable basis for believing that the declarants and putative class members were similarly situated for purposes of the instant certification.  *See Morgan*, 551 F.3d at 1260.

Because Plaintiff has met his burden and proffered substantial allegations that he and the putative class members were employees of the same company, all of whom worked in excess of 40 hours per week and were subjected to the same overtime policies and practices, the Court finds that they are entitled to conditional certification as a collective action.   The Court emphasizes that it confined its review to the lenient standard of the first or "notice" step of the "ad hoc" certification process. "Generally, where putative class members are employed in similar positions, the allegation that defendants engaged in a pattern or practice of not paying overtime is sufficient to allege that plaintiffs were together the victims of a single decision, policy or plan." *Daugherty v. Encana Oil & Gas (USA), Inc*., 2011 WL 6399451, at *5 (D. Colo., Dec. 20, 2011) (unpublished) (quoting *Renfro*, 243 F.R.D. at 433–34).

6

The Court's finding is supported by the recent District of New Mexico case, *Saenz v. Rod's Production Services, LLC et al.*, Civ. No. 2:14-cv-525-RB/GBW (D.N.M. filed Jun. 2, 2014) (unpublished).  There, Mr. Saenz – who is himself a declarant and putative class member in the instant suit – sued Rod's Productions Services, LLC and Rodney Smith for allegations identical to those now before the Court.  Notably, despite the uniformity of facts, similarity of parties, and even commonality of counsel between the *Saenz* case and the instant matter, the parties were unable to reach the same stipulation regarding class certification in this matter that they reached in *Saenz*.  In *Saenz*, where both Plaintiff and Defendants were represented by the same lead counsel now appearing for the parties in the instant case, Defendants did not oppose Plaintiff's certification efforts, "despite denying Plaintiff's allegations, solely because of the lenient standard for a class to be conditionally certified."  Pl.'s Unopposed Mot. to Certify 2, ECF No. 41.[6]  Further, in *Saenz*, Defendants "[did] not oppose that the single decision, policy, or plan . . . required for conditional certification is that Defendants classified all flow testers or flowhand operators that performed work for [the *Saenz* defendants] as independent contractors." *Id.* at 4-5.[7]  The Court agrees with the parties' position in *Saenz*, and sees no justification for finding otherwise in the instant matter.

## V.   CLASS NOTICE

In addition to conditionally certifying this collective action, Plaintiff asks the Court to grant various requests related to his proposed class notice.  Several of his requests are uncontested, including that the Court: (1) require Defendants to produce in an electronic format the names, addresses, telephone numbers, dates of birth, email addresses, and dates of

[6] This citation refers to the docket in *Saenz v. Rod's Production Services, LLC et al.*, Civ. No. 2:14-cv-525-RB/GBW (D.N.M. filed Jun. 2, 2014) (unpublished).

[7] *See supra*, note 5.

7

employment for putative class members (the "Class List") within ten days of the granting of conditional certification; (2) allow Plaintiff to hire a third-party collective action administration company, if he deems it appropriate; (3) allow class members to execute consents electronically via a service called Right Signature; and (4) prohibit Defendants from communicating with putative class members regarding this lawsuit or its resolution.  Pl.'s Mot. 13-18. Because Defendants have raised no objection to the above, the undersigned **RECOMMENDS** that the presiding judge adopt and make these reasonable requests part of the Court's ultimate Order. Additionally, the parties have agreed to a seventy (70) day period for putative class members to "opt in" to the suit.  Defs.' Resp. 19; Pl.'s Reply 9.  The undersigned also **RECOMMENDS** that the presiding judge adopt this stipulation.

Notwithstanding these areas of concurrence, five disputes persist between the parties. Specifically, Defendants object as follows to Plaintiff's proposed method and form of notice: (1) the proposed class to receive notice is broader than Plaintiff's class definition; (2) notice should be delivered by mail or electronic mail, but not by both; (3) the notice neglects to inform the recipients that they may have to pay costs if unsuccessful; (4) the notice fails to inform the recipients that they may have to answer written discovery and travel as part of the suit; and (5) the notice does not include defense counsel's contact information.  Def.'s Resp. 16-20. Following a summary of relevant law, these contentions will be discussed and recommendations will be reached *seriatim.*

### A.  Notice Standard

The FLSA's provisions "are remedial and humanitarian in purpose." *Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 597 (1944).  To join as a plaintiff in an

action to recover unpaid wages, similarly-situated, concerned employees must consent in writing. 29 U.S.C. § 216(b).  Accordingly, counsel representing parties in FLSA actions send prospective class members notices to inform them about the lawsuit.  Employees must receive "accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 170 (1989).  District courts have discretion to approve the content of FLSA class notices.  *Id.* at 170 (interpreting FLSA provisions to determine notice procedures under the Age Discrimination in Employment Act).

### B.  Parties' Specific Points of Disagreement as to Formal Content of Notice

#### 1.  Class scope

Plaintiff proposes to provide notice to "[a]ll current and former workers classified as independent contractors who performed flow testing work for Defendants *throughout the United States* before the filing of Plaintiff's complaint up to the date this Court authorizes notice."  Pl.'s Reply 9 n.6 (emphasis added).  In support, Plaintiff cites to authority for the proposition that "geographic commonality is not necessary to meet the similarly situated requirement for a[n] FLSA collective action; instead the focus is on whether the employees were impacted by a common policy."  Pl.'s Reply 9 (quoting *Vargas v. Richardson Trident Co.*, No. H-09-1674, 2010 WL 730155, at *6 (S.D. Tex. Feb. 22, 2010) (unpublished)) (internal quotations marks omitted).  By Plaintiff's estimation, "[i]f there is a reasonable basis to conclude that the same policy applies to multiple locations of a single company, certification is appropriate."  *Id.* at 10 (citing *Dyson v. Stuart Petroleum Testers, Inc.*, 308 F.R.D. 510, 514 (W.D. Tex. 2015); *Rueda v. Tecon Servs., Inc.*, No. H-10-4937, 2011 WL 2566072, at *4 (S.D. Tex. Jun. 28, 2011)

(unpublished); *Blake v. Colonia Savings, F.A.*, No. H-04-0944, 2004 WL 1925535, at *2 (S.D. Tex. Aug. 16, 2004) (unpublished)).

Defendants oppose nationwide notice, and maintain that "Plaintiff has not shown that Defendants['] alleged misclassification of flow testers as independent contractors is occurring nation[]wide." Defs.' Resp. 17. Further, they cite to authority for the proposition that "FLSA violations at one of a company's multiple locations generally are not, without more, sufficient to support company-wide notice." *Id.* (quoting *Graham v. Jet Specialty, Inc.*, No. MO-15-CV-135-DAE, 2015 WL 3929663, at *4 (W.D. Tex. Jan. 11, 2016) (unpublished); *Rueda*, 2011 WL 2566072, at *4). Because Plaintiff proffers only declarations from individuals with knowledge of Defendants' practices in New Mexico, Texas, Ohio, and West Virginia, Defendant calls upon the Court to reject "the vague[,] conclusory allegations" the declarants offer concerning company-wide practices. *Id.* at 18. To support this request, Defendants cite to *Bryant*, where the district court discounted statements from the case's named plaintiffs as "being typical of potential class members" where their statements derived from nothing more than discussions with other drivers. *Id.* (citing *Bryant*, 2015 WL 3929663, at *4). Defendants argue that "the vague[,] conclusory allegations rejected by the [*Bryant*] court are virtually identical to the vague[,] conclusory allegations of Plaintiff's Complaint and the supporting declarations in this matter." *Id.*

The Court agrees with Defendants. Plaintiff's declarations, which constitute his support for nationwide notice, state only the following:

> I was employed as a flow tester for Defendants from approximately March 2013 to March 15, 2014[,] in New Mexico . . . . I know from personal experience and working with other flow testers that there are dozens of other flow testers that work for Defendants as independent contractors. Like me, these other independent contractor flow testers were subject to the same rules and requirements, and were not paid overtime.

10

Pl.'s Mot. Ex. A ¶ 11 (declaration of Randy Williamson);

> I worked for Defendants from approximately August 2014 to January 2015 in Ohio and West Virginia . . . . I am aware that other flow testers were treated the same way because I worked for Defendants for approximately five months.  During that time, I worked closely with other flow testers and visited with them about their jobs, pay, and hours.  Having worked for Defendants for so long, I also became familiar with the company wide practices.  I believe that the policies I described in my declaration in support of this Motion apply to all of the flow testers at Defendants' locations throughout the United States.

Pl.'s Mot. Ex. B ¶¶ 2, 4-5 (declaration of Steve Nicholson); and

> I worked for Defendants from approximately October 2014 to December 2015 in Texas . . . . I am aware that other flow testers were treated the same way because I worked for Defendants for one year and two months.  During that time, I worked closely with other flow testers and visited with them about their jobs, pay, and hours.  Having worked for Defendants for so long, I also became familiar with the company wide practices. I believe that the policies I described in my declaration in support of this Motion apply to all of the flow testers at Defendants' locations throughout the United States.

Pl.'s Mot. Ex. C ¶¶ 2, 4-5 (declaration of Jeremy Saenz).  The Court recognizes that "day-to-day work and interaction with other employees" can be sufficient to support a finding of personal knowledge at this stage in the litigation, *Villarreal v. St. Luke's Episcopal Hosp.,* 751 F. Supp. 2d 902, 911–12 (S.D. Tex. 2010), but it cannot ignore that "FLSA violations at one of a company's multiple locations generally are not, without more, sufficient to support company-wide notice."  *McCloud v. McClinton Energy Grp., L.L.C.*, No. 7:14-CV-120, 2015 WL 737024, at *8 (W.D. Tex. Feb. 20, 2015) (unpublished); *accord England v. New Century Fin. Corp.,* 370 F. Supp. 2d 504, 511 (M.D. La. 2005); *Huaman v. Ojos Locos Sports Cantina LLC*, No. 3:13-CV-4938-B, 2014 WL 4081554, at *1 (N.D. Tex. Aug. 19, 2014) (unpublished); *Rueda*, 2011 WL 2566072, at *4-6.

11

Plaintiff's declarations make clear that the three declarants performed work for Defendants in New Mexico, Ohio, West Virginia, and Texas.  Pl.'s Mot. Exs. A-C.  Yet, none of the three declarants make any mention of discussions with employees of Defendants from states other than these four.  *Id.*  Furthermore, none of the declarants make any reference to discussions with employees – from any state – about Defendants' practices outside of New Mexico, Ohio, West Virginia, and Texas.  *Id.*  Likewise, none of the three declarations allege any personal knowledge of Defendants' nationwide policies.  *Id.  See also Bryant*, 2015 WL 3929663, at *4 (rejecting vague, conclusory allegations of company drivers who allegedly learned of statewide corporate practices through their discussions with other similarly situated drivers).  As a consequence, the Court cannot find a "reasonable basis" to conclude that the policies alleged in the states of New Mexico, Ohio, West Virginia, and Texas extend beyond the borders of these four states.  *See Dyson*, 308 F.R.D. at 514.  Thus, the Court recommends that the presiding judge confine notice of this collective action to independent contractor/employee flow testers who worked for Defendants in these four states.[8]

### 2.  Method of delivery

Plaintiff requests that notice and consent forms be mailed both by first class mail and by electronic mail within seven days of receiving the Class List from Defendants.  Pl.'s Mot. 15.  Defendants object, claiming that "[s]ending multiple notices to putative class members in different forms gives the appearance that the court is endorsing the merits of the action."  Defs.' Resp. 19.  Delivering notice by mail *and* email does nothing of the sort.  To the contrary, allowing service by both these methods simply recognizes the nomadic nature of the putative class members' work and the nature of modern communication generally.  Furthermore, this dual

---

[8] Should Plaintiff discover additional facts supporting nationwide notice, Plaintiff may move the Court to clarify the class and/or expand the notice.

notice is now common in the Tenth Circuit.  *See, e.g., Grady v. Alpine Auto Recovery LLC*, No. 15-CV-00377-PAB-MEH, 2015 WL 3902774, at *3 (D. Colo. June 24, 2015) (unpublished); *Montes v. Tafolino's Inc*., No. 14-CV-03425-MSK-MJW, 2015 WL 2455148, at *2 (D. Colo. May 22, 2015) (unpublished).  *Cf. Cannon v. Time Warner NY Cable LLC,* No. 13-CV-02521-RM-MJW, 2014 WL 4401313, at *7 (D. Colo. Sept. 5, 2014) (unpublished) (denying service by both email and first class mail where putative class members worked as customer service representatives in the same call center in Colorado Springs, Colorado).  Moreover, in *Saenz*, where the parties, counsel, and factual allegations were nearly identical, the parties agreed to delivery of notice by both first class mail and email.  Order, Mar. 6, 2015, at 3, ECF No. 72.[9]  Therefore, the Court recommends that the presiding judge allow notice to be transmitted via mail and email.

### 3.  Notice of costs

Defendants advocate placing a proviso in the class notice that plaintiffs "may have to pay court costs if they do not prevail."  Defs.' Resp. 20.  Plaintiff opposes this course, claiming that "[s]uch statements in the class notice would chill participation and undermine the remedial purpose of the FLSA."  Pl.'s Reply 12.  In *Saenz*, counsel advanced similar arguments on both sides.  There, U.S. District Judge Robert C. Brack opined that "[i]n the Tenth Circuit, courts regularly include a notice that plaintiffs may have to pay court costs if they do not prevail."  Order, Mar. 6, 2015, at 4-5, ECF No. 72 (citing *Creten-Miller v. Westlake Hardware, Inc.*, No. 08-2351-KHV, 2009 WL 2058734, at *3-4 (D. Kan. July 15, 2009) (unpublished); *Wass v. NPC Int'l Inc.*, No. 09-2254-JWL, 2011 WL 1118774, at *8 (D. Kan. Mar. 28, 2011) (unpublished)).[10]

---

[9] *See supra*, note 5.

[10] *Id.*

Accordingly, Judge Brack ordered the plaintiff in *Saenz* to insert the following language into his class notice:

> If you choose to join this lawsuit, you will be bound by any judgment, favorable or unfavorable, on any claim you may have under the FLSA. If you win, you may be eligible to share in the monetary award, including overtime wages and liquidated damages. If you lose, no money will be awarded, and you will not be able to file another lawsuit regarding the matters raised in this lawsuit. Also, if plaintiffs lose, they could be responsible for paying court costs and expenses.

*Id.* at 5.  Because Judge Brack's approach reasonably notified the class members of both the promise and peril of opting into the lawsuit, the undersigned recommends the presiding judge direct Plaintiff to append similar language to his class notice.

### 4.   Notice of potential discovery and travel obligations

Citing to *Saenz*, Defendants also request a provision in the notice that alerts potential opt-in plaintiffs that they may be required to "answer written discovery and to travel to New Mexico for depositions and/or to testify in court."  Def.'s Resp. 20.  In *Saenz*, Judge Brack noted that "[s]everal courts in the Tenth Circuit have approved notices with a travel proviso."  Order, Mar. 6, 2015, at 9, ECF No. 72 (citing *Creten-Miller*, 2009 WL 2058734, at *5; *Wass*, 2011 WL 1118774, at *10;  *Smith v. Pizza Hut, Inc.*, No. 09-CV-01632-CMA-BNB, 2012 WL 1414325, at *8 (D. Colo. Apr. 21, 2012) (unpublished)).  But, recognizing in *Saenz* – as in the instant case – that out-of-state counsel may elect to conduct depositions elsewhere than in New Mexico, Judge Brack ordered the parties in *Saenz* "to draft language notifying prospective class members that they may be required to sit for a deposition, and separately, may be asked to testify in Las Cruces, New Mexico."  *Id.* at 10.  The undersigned again recommends that the presiding judge adopt a similar travel notice proviso in the instant matter.

### 5.   Defense counsel's contact information

Finally, Defendants invite this Court to order the inclusion of their contact information in the class notice.  The undersigned declines to recommend acceptance of the invitation.  In *Saenz*, Judge Brack noted that defense counsel - *the same* appearing here - *conceded* "that having prospective class members contact them could present ethical conflicts."  *Id.* at 7.  This Court is not in the business of risking, causing, or otherwise promoting ethical conflicts, and finds no reasonable basis for the addition of defense counsel's contact information to the class notice.  As a result, the undersigned recommends the presiding judge deny Defendants' request to include defense counsel's contact information in the class notice.

## VI.   CONCLUSION

In concert with the foregoing, the undersigned **RECOMMENDS** Plaintiff's Motion [ECF No. 21] be **GRANTED IN PART** and **DENIED IN PART**.

The undersigned **RECOMMENDS** the presiding judge find and conclude that Plaintiff has met the lenient and relatively low burden necessary to certify his FLSA collective action. Correspondingly, the undersigned **RECOMMENDS** the presiding judge certify this collective action, and once a final class notice is approved, order the notice to be distributed to putative class members who worked for Defendants only in the states of New Mexico, Ohio, West Virginia, and Texas.

Further, the undersigned **RECOMMENDS** that the presiding judge order the parties to file a joint proposed class notice that conforms to the presiding judge's final order within ten (10) days of its issuance.

**IT IS SO RECOMMENDED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(c). Any request for an extension must be filed in writing no later than seven days from the date of this filing. **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**