**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| **RANDY WILLIAMSON, On Behalf of** | § | |
| **Himself and All Others Similarly Situated,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CASE NO. 2:15-cv-00878-MCA-GJF** |
| **v.** | § | |
| | § | |
| **AMERIFLOW ENERGY SERVICES,** | § | |
| **LLC; CRESCENT SERVICES, LLC;** | § | |
| **AND CRESCENT CONSULTING, LLC;** | § | |
| | § | |
| **Defendants.** | | |

---

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' CHALLENGE TO MAGISTRATE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

Plaintiff Randy Williamson, individually and on behalf of all others similarly situated, submits the following Response in Opposition to Defendants' Challenge to the Magistrate Judge's Proposed Findings and Recommended Disposition. Dkt. 52. Plaintiff incorporates by reference herein its arguments in support of Plaintiff's Motion for Conditional Certification and *Hoffman La Roche* Notice (Dkts. 29, 43) and Plaintiff's Opposition to Defendants' Motion for Protective Order (Dkt. 40). For the reasons set forth below, Plaintiff respectfully requests the Court adopt Magistrate Judge Fouratt's Proposed Findings and Recommended Disposition as the findings and conclusion of this Court.

### LEGAL STANDARD

When resolving objections to a magistrate judge's proposal, "the district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected

1

to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b)(3). In the Tenth Circuit, "a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *United States v. One Parcel of Real Property, With Buildings, Appurtenances, Improvements, and Contents*, 73 F.3d 1057, 1060 (10th Cir. 1996).  In requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). *See United States v. Garfinkle*, 261 F.3d 1030, 1030–31 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

## ARGUMENT

### A.  The Magistrate Ruled Correctly in Finding that Plaintiff Has Met His Burden to Show that the Class Members are Similarly Situated.

Magistrate Judge Fouratt found that "Plaintiff has met his burden of establishing that he and other class members were similarly situated insofar as they were designated as independent contractors by Defendants, rather than employees, and . . . were not paid overtime wages." Dkt. 48 at 6.  In support of this finding, the Magistrate applied the correct "threshold level of scrutiny appropriate to the first stage of FLSA collective action certification." *Id*. at 5-6.  He also examined three affidavits submitted by the Plaintiff and class members.  Judge Fouratt found that the affidavits demonstrated that the Plaintiff and class members: (1) worked as flow testers; (2) were misclassified as independent contractors; (3) know dozens of other flow testers that were also misclassified as independent contractors; (4) worked twelve-hour daily schedules; (5)

2

operated as employees, as evidenced by their submission of time sheets, being supervised by Defendants, and having to request time off in advance; and (6) were not paid overtime wages. *Id*. at 5.

This evidence is sufficient for conditional certification at the notice stage, which "requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Thiessen v. General Electric Capital Corp*., 267 F.3d 1095, 1005 (10th Cir. 2001). Courts have conditionally certified nearly identical flow tester FLSA classes on far less evidence. For example, in *Dyson v. Stuart Petroleum Testers, Inc.*, 308 F.R.D. 510 (W.D. Tex. 2015), the court certified the class based on the affidavits of two plaintiffs, and stated that even though "the declarations submitted by Plaintiff are couched in general terms . . . each declarant states he worked with other flow testers that performed work for [Defendant], that the other flow testers performed similar work, were paid hourly, and were not paid overtime . . . . [Plaintiff's] testimony . . . [is] a sufficient showing of a widespread discriminatory plan." *Id*. at 514. The court conditionally certified the class of independent contractor flow testers.

Likewise, in *Coker v. Select Energy Services, Inc*., Civ. A. No. 3:15-cv-136 (S.D. Tex. Feb. 2, 2016) (attached as Exhibit A to Dkt. No. 43, Plaintiff's Reply in Support of Motion for Conditional Certification), the court certified the class of independent contractor flow testers based on the affidavit of one plaintiff,

> "which describe[d] himself and dozens of others as employed by [Defendant] as 'flow testers' who were classified as independent contractors, and thus did not receive overtime compensation . . . . his declaration describes his job as a flow tester and avers that other flow testers were subject to the same working and pay conditions that he was . . . . The Court finds this is sufficient to carry Plaintiff's burden at this early stage."

*Id*. at 1.  Similarly, in *May v. E&J Well Service, Inc*., Civ. A. No. 14-cv-00121-RBJ (D. Co. June 27, 2014) (attached as Exhibit B to Dkt. No 42, Plaintiff's Reply in Support of Motion for Conditional Certification), the court conditionally certified the class of independent contractor flow testers based upon two affidavits stating that "both individuals worked as flow testers for the defendants; that both were misclassified as independent contractors; that dozens of other flow testers were misclassified as such; and that the declarants and the other flow testers were not paid overtime wages . . . ."  *Id*. at 2 (citing *Thiessen*, 267 F.3d at 1105, for "lenient standard" at notice stage).

Like in the *Dyson*, *Coker*, and *May* cases, the plaintiffs here have established a "reasonable basis" that there are other similarly situated employees sufficient to conditionally certify this case at the initial notice stage.  *Thiessen*, 267 F.3d at 1102.  Defendants' brief does not offer *any* new case law or facts that were not before the Magistrate Judge.  *See* Dkt. 52 at 7-8 (failing to offer any new facts, and relying wholly on *Andel v. Patterson-UTI Drilling Co*., 280 F.R.D. 287, 290 (S.D. Tex. 2012), which was cited several times in Defendant's Opposition to the Motion for Class Certification).  Therefore, there is no basis to doubt Magistrate Judge Fouratt's sound reasoning, and the Court should adopt the Magistrate's Proposed Findings and Recommended Disposition.

### B.  Plaintiff Has Offered Sufficient Evidence at this Stage that Defendants Crescent Consulting and Crescent Services are the Plaintiffs' Employers.

Defendants argue that Plaintiff "failed to introduce any facts against" Defendants Crescent Services and Crescent Consulting.  While Defendants concede that there is a relationship between the flow testers and Crescent Consulting, *see* Dkt. 52 at 6 (admitting that Crescent Consulting entered into contracts with the flow testers), they assert that "[t]here is no

4

link at all, and no facts in the record, showing any connection with Defendant Crescent Services." Dkt. 52 at 5-6. This blatantly misrepresents the record before the Court.

In fact, in Plaintiff's Reply in Support of the Motion for Conditional Certification, Dkt. No. 43, Plaintiff attached emails to the flow testers and other documents demonstrating that Ameriflow, Crescent Consulting, and Crescent Services are intertwined, and that they jointly direct and control the flow testers. *See* Dkt. 43-3, Exhibit C to Plaintiff's Reply in Support of Motion for Conditional Certification (emails produced in Plaintiff's initial disclosures, bates stamped RW000001 – RW000026). The email signature on these emails states, "Ameriflow – A Crescent Co" which indicates that Ameriflow and Crescent are related entities. Additionally, Tim Bricker, Ameriflow's District Manager, sent an email to the flow testers regarding mandatory drug testing requirements and deadlines. *Id.* at RW00001 – 000002. In the "Cc" line of that email, several Crescent Services employees are copied. *Id.* This demonstrates that Crescent Services is, at a minimum, kept apprised of the direction and control exerted over flow testers. Other emails from Ameriflow also include Crescent Services employees in the "Cc" line. *See Id.* at RW000024-000025. There is also a letter from Crescent Consulting to the flow testers regarding training, accreditation, and other requirements that flow testers must satisfy to remain employed by Ameriflow/Crescent. *Id.* at RW000013-000019.

The Court need not look any further than Ameriflow's own website to see that the entities are closely related. Exhibit A hereto attaches a screen shot from Defendant Ameriflow's recruiting website, http://afenergy.net/careers/, where individuals can submit job resumes for Ameriflow employment. *See* Exhibit A, "Careers", *available at* http://afenergy.net/careers/ (last visited June 24, 2016). The following statement is prominently displayed in the center of the screen: **"Crescent Services is always looking for top notch talent!  Please submit your**

resume for review." *Id*.  This evidence satisfies the Plaintiff's *lenient* burden at the notice stage

to show a reasonable basis for the claim that Ameriflow and Crescent are jointly involved in the

employment of the Plaintiff and class members.

Even if the Court is not convinced that Ameriflow and Crescent are joint employers, that

issue is premature at this early stage of the litigation and can be revisited, on a more complete

record, at the decertification stage or summary judgment.[1]  This Court cannot assume, on the

record before it, that the Crescent Defendants are not statutory "employers" under the FLSA.

*See* 29 U.S.C. 203(d) (defining "employer" broadly as any entity "acting directly *or indirectly* in

the interest of an employer in relation to an employee.") (emphasis added).  Such a ruling would

elevate the lenient conditional certification standard to a summary judgment standard, which is

inappropriate at this stage of the litigation.  As Magistrate Fouratt correctly concluded, "the

Court need not decide the merits of Defendants' challenges . . . the merits will be decided down

the road."  Dkt. 48 at 6.  Nothing precludes the Court from deciding at a later time that the

Crescent Entities are not employers of the class members.  Therefore, this Court should adopt

Magistrate Fouratt's findings and proposed recommended disposition as its own.

## C.  The Magistrate Did Not Err by Declining to Include Defense Counsel's Contact Information in The Class Notice.

Defendants contend that the Magistrate erred because Plaintiff's argument that defense

counsel's information should not be included on the notice "is absent any legal support."  Dkt. 52

at 9.  Defendants seem to ignore the case law cited by Plaintiff, from six different district courts,

---

[1] Plaintiffs served formal interrogatories and requests for production on Defendants, and requested Defendants' 30(b)(6) deposition/s, in order to discover the facts relevant to this issue.  Defendants refused to answer discovery and produce witnesses, and instead filed a Motion for Protective Order that has hamstrung the Plaintiff from taking discovery.  *See* Dkt. No. 31.  Plaintiff respectfully requests that the Court adopt the Magistrate's proposed findings, grant conditional certification, and deny Defendants' Motion for Protective Order so this case can move forward with discovery.

including this District, holding that defense counsel's information on a class notice is improper and unethical. *See* Dkt. 43 at 11-12, n.9 (citing cases from the District of New Mexico, Kansas, Colorado, Minnesota, District of Columbia, and Washington). Defendants do not offer any new case law or facts to support their argument for defense counsel's information on the notice. There is no evidence that the Magistrate erred, and therefore this Court should adopt the Magistrate's recommendation.

Defendants also argue that until a potential class member opts in, there is no ethical dilemma. Dkt. 52 at 10. Courts overwhelmingly disagree, and readily sanction defendants and their counsel for improper contacts with putative class members during the notice period. Courts presiding over FLSA collective actions have the authority to govern the conduct of counsel and parties. *Hoffmann–La Roche Inc. v. Sperling*, 493 U.S. 165, 171 (1989). A court's authority to control counsels' conduct in an FLSA collective action includes the authority to "manage the process of joining multiple parties in a manner that is orderly, sensible, and not otherwise contrary to statutory commands or the provisions of the Federal Rules of Civil Procedure." *Id.* Because of the potential for abuse, such as unapproved, misleading communications to absent class members, "a district court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." *Gulf Oil Company v. Bernard*, 452 U.S. 89, 100 (1981).

Courts have found a need to limit defense counsel's communications with absent class members where the communications had the potential to be misleading, coercive, or an improper attempt to undermine the notice process by discouraging class members from joining the suit. *Belt v. Emcare, Inc.*, 299 F. Supp. 2d 664, 667-68 (E.D. Tex. 2003). Accordingly, courts readily sanction defendants that engage in unsupervised contacts with class members. *See Erhardt v.*

*Prudential Group, Inc.*, 629 F.2d 843, 845 (2d Cir. 1980) (enjoining defendants from further communications with class members, ordering defendants to provide new class notice advising class that previous decisions to opt out were voidable, and imposing monetary sanctions); *Kleiner v. First Nat. Bank of Atlanta*, 751 F.2d 1193, 1202 (11th Cir. 1985) (enjoining defendants from communications with class members and imposing sanctions); *Belt*, 299 F. Supp. 2d at 669-70 (issuing corrective notice, imposing monetary sanctions, and allowing additional 30 days for class members to opt in); *Davis et al. v. Metro Networks Communications, Inc.*, H-99-1128 (S.D. Tex. Sept. 9, 1999) (entry of protective order; defendant prohibited from communicating with class members); *O'Brien v. Enotech Construction Servs., Inc.*, 203 F.R.D. 346, 349 (N.D. Ill. 2001) (restraining defendant from sending letters, ordering that corrective notice be issued, and noting that defendant had "seriously threatened the court's ability to handle this case in a fair and efficient manner").

 As was found in the cases above, here, allowing Defendants to communicate with the class could severely taint the well and discourage the class members from exercising their federal statutory right to join this lawsuit. Rectification of such conduct would take considerable time and effort, which would work to the ultimate detriment of class members whose claims are not made. Accordingly, this Court should not allow defense counsel's information on the notice.

 **D. The Magistrate Judge's Reference to the *Saenz* Case Was Not Improper.**

 Defendants complain that Magistrate Fouratt found support for his ruling in the recent District of New Mexico case, *Saenz v. Rod's Production Services, LLC et al.*, Civ. No. 2:14-cv-525-RB/GBW (D.N.M. filed Jun. 2, 2014). There is no evidence that the Magistrate erred in doing so. Defendants argue that "there was not a judicial finding on the certification matter that the Magistrate could adopt . . . ." Dkt. No. 52 at 9. Contrary to what Defendants assert, the court

in *Saenz* entered an order approving conditional certification.  *See id*. at Dkt. No. 49 (District

Judge Brack's Order).  That order is persuasive authority in this District.  Notably, Defendants

do not complain that the Magistrate also followed *Saenz* when it denied Plaintiff's request

regarding language on court costs and travel obligations in the notice.  *See* Dkt. 48 at 13-14

(stating, "in Saenz, counsel advanced similar arguments…").  There is no issue with the

Magistrate here following an Order of an Article III judge in this District.  Therefore, this Court

should adopt the Magistrate did not err, and adopt the findings and recommended disposition.

## CONCLUSION

For the reasons stated above, the Court should conclude that the Magistrate's thorough

and comprehensive analysis and recommendations are correct and adopt the Findings and

Recommended Disposition as the findings and conclusions of this Court.

Respectfully submitted,

KENNEDY HODGES, L.L.P.

By:  _/s/ Galvin B. Kennedy_____
    Galvin B. Kennedy
    Gkennedy@kennedyhodges.com
    Texas State Bar No. 00796870
    Udyogi A. Hangawatte
    Texas State Bar No. 24094698
    uhangawatte@kennedyhodges.com
    4409 Montrose Blvd. Ste
    Houston, TX 77006
    Telephone: (713) 523-0001
    Facsimile: (713) 523-1116

LEAD ATTORNEY IN CHARGE FOR PLAINTIFF AND CLASS MEMBERS

## CERTIFICATE OF SERVICE

I certify that this document was served on all parties via this District's CM/ECF system on June 24, 2016.

*/s/ Udyogi A. Hangawatte*
Udyogi A. Hangawatte
