## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

RANDY WILLIAMSON, on behalf
of himself and all others similarly situated,

      Plaintiff,

v.                                                                                Civ. No. 15-878 MCA/GJF

AMERIFLOW ENERGY SERVICES
L.L.C., CRESCENT SERVICES L.L.C.,
and CRESCENT CONSULTING L.L.C.,

      Defendants.

### ORDER OVERRULING OBJECTIONS AND ADOPTING
### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Defendants' "Challenge to the Magistrate Judge's Proposed Findings and Recommendations" ("Objections") [ECF No. 52] and Plaintiff's "Response in Opposition to the Defendants' Challenge to Magistrate's Proposed Findings and Recommended Disposition" ("Response") [ECF No. 56]. Having reviewed the record, the Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD") [ECF No. 48], as well as the submissions of all parties, the Court will overrule Defendants' objections and adopt the PFRD as filed.

## I.     BACKGROUND

On behalf of himself and other oil-field workers known as "flow testers," Plaintiff sued Defendants for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-19 (2012), and the New Mexico Minimum Wage Act ("NMMWA"), N.M. Stat. Ann. §§ 50-4-19 to 50-4-30 (2016). *See* Pl.'s Am. Compl. 5-14, ECF No. 10. Furthermore, through his "Motion for Conditional Certification and Hoffman La Roche Notice" ("Motion") [ECF No. 29], Plaintiff

sought to certify a collective action under 29 U.S.C. § 216(b) for Defendants' alleged violations of the FLSA.  *See* Pl.'s "Motion for Conditional Certification and *Hoffman La Roche* Notice" ("Pl.'s Mot.") 1-12, ECF No. 21.  Defendants opposed this certification.  *See* Defs.' "Response in Opposition to Plain[t]iff's Motion for Conditional Certification and *Hoffman La Roche* Notice" ("Def.'s Resp.") 1-20, ECF No. 39.

On May 17, 2016, Magistrate Judge Fouratt filed his PFRD, recommending that Plaintiff's Motion be granted in part and denied in part.  *See* PFRD 15, ECF No. 48. Specifically, Judge Fouratt recommended that this Court "conclude that Plaintiff has met the lenient and relatively low burden necessary to certify his FLSA collective action."  *Id.*  Further, Judge Fouratt recommended that the Court certify this collective action and order the final class notice distributed to putative class members who worked for Defendants *only* in the states of New Mexico, Ohio, West Virginia, and Texas.  *Id.*  By doing so, Judge Fouratt denied Plaintiff's request to provide notice to "[a]ll current and former workers classified as independent contractors who performed flow testing work for Defendants throughout the United States before the filing of Plaintiff's complaint up to the date this Court authorizes notice."  *Id.* at 9 (citation and emphasis omitted).

Defendants filed their objections to Judge Fouratt's PFRD on June 3, 2016.  ECF No. 52. Plaintiff filed his Response to the Objections on June 24, 2016.  ECF No. 56.

## II.    STANDARD

Under the Federal Rules of Civil Procedure, district courts may refer dispositive motions to a magistrate judge for a recommended disposition.  *See* FED. R. CIV. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the

parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . .").  Rule 72(b)(2) of the Federal Rules governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations."  FED. R. CIV. P. 72(b)(2).  Finally, when resolving objections to a magistrate judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  FED. R. CIV. P. 72(b)(3).

"'The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute.'" *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1059 (10th Cir. 1996) ("*One Parcel*") (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).  As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act, including judicial efficiency."  *Id.* at 1059 (citing *Niehaus v. Kan. Bar Ass'n*, 793 F.2d 1159, 1165 (10th Cir. 1986); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981)).

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *Id.* at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, has adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or

recommendations waives appellate review of both factual and legal questions.'" *Id.* at 1059 (internal citations omitted).  In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."  *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).  *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.").

### III.    OBJECTIONS

Defendants advance three objections to Judge Fouratt's PFRD.  First, they challenge the PFRD's finding that Plaintiff and putative class members are "similarly situated" for purposes of the FLSA analysis.  Defs.' Objs. 3-8, ECF No. 52.  Next, they contend that Judge Fouratt erred by considering defense counsel's position on the certification of an FLSA claim in another New Mexico flow tester case.  *Id*. at 8-9.  Finally, Defendants object to the PFRD's recommendation that defense counsel be barred from placing their contact information in the class notice.  *Id.* at 9-10.  These objections are addressed in turn.

### A. Plaintiff and Putative Class Members Are "Similarly Situated" for Purposes of FLSA Notice-Stage Certification

As correctly noted in the PFRD, at the conditional certification stage of the proceedings, the Court applies a lenient standard which typically results in conditional certification of a representative class.  PFRD 4.  "Applying only the threshold level of scrutiny appropriate to the first stage of FLSA collective action certification," Judge Fouratt recommended that this Court "conclude that Plaintiff has met his burden of establishing that he and other putative class members were similarly situated insofar as they were designated as independent contractors by Defendants, rather than employees, and as a consequence, were not paid overtime wages."

4

PFRD 6.  Defendants challenge this recommendation on the ground that Plaintiff "failed to meet his burden [of showing] that the putative class members were employed by the Defendants, or [were] subject to a policy, plan or decision that violated the FLSA."   Defs.' Objs. 5, ECF No. 52.  Defendants' challenge to Judge Fouratt's "similarly situated" finding has two components: the "employer" component, and the "decision, plan, or policy" component.  Each is addressed in turn.

First, Defendants argue that because they did not control the job-site activities of the independent contractors, they were not an "employer" of Plaintiff or any putative class member. *Id*. at 5.   Defendants' argument in this regard ignores the FLSA's expansive definition of "employer."   Under the FLSA, "employer" is defined to include "any person acting directly or indirectly in the interest of an employer in relation to an employee[.]"   29 U.S.C. § 203. Recognizing the expansiveness of the foregoing definition, the U.S. Supreme Court has held that the term "employer" in the FLSA is to be broadly construed to include entities that have "managerial responsibilities" which give the entity "substantial control of the terms and conditions of the work of [its] employees." *Falk v. Brennan,* 414 U.S. 190, 195 (1973).  Thus, [w]here the work done, in essence, follows the usual path of an employee, putting on an 'independent contractor' label does not take the worker from the protection of the [FLSA]" *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 726-729 (1947) (holding that workers who were classified as "independent contractors" but who "work[ed] alongside admitted employees of the plant operator at their tasks" and who were frequently directed to improve at their tasks by the president and manager at the company were, in the context of the FLSA, "employees").

As an initial matter, the Court observes that obviously the three Defendants are related

corporate entities.  To that end, Plaintiff's Response cites various emails and letters previously filed in this case, along with a link to the Ameriflow website, all of which demonstrate that each of the Defendants are involved, to some degree, in the hiring and employment of flow testers. Pl.'s Resp. 4-6.  As to the issue of control, the Court agrees with Judge Fouratt's determination that Plaintiff has shown, through affidavits and the evidence in the record,[1] that Defendants (who for the purposes of this order are considered unitarily) qualify as an "employer" under the FLSA's expansive definition of that term.  PFRD 6.  For instance, independent contractors and employees alike were subject to Defendants' drug and alcohol testing policy; independent contractors were required by Defendants to take an enumerated list of "safety trainings"; they were subject to "suspension and/or termination" for failing to report safety incidents to their "supervisors"; they were supervised by Defendants; and they were required by Defendants to submit time sheets and to make requests, in advance, for time off.  [Doc. 43 ex. C; Doc. 48 p. 6] These allegations demonstrate that, as to the flow testers, Defendants acted in a managerial capacity, exercising "substantial control of the terms and conditions" of the flow testers' work. *See Falk,* 414 U.S. at 195 (discussing the attributes of an "employer" as that term is defined in the FLSA).  To the extent that Defendants urge the Court to consider evidence to the contrary, the Court declines to do so at this stage of the proceedings.  *See Bustillos v. Bd. of Cty. Comm'rs of Hidalgo Cty.*, 310 F.R.D 631, 647 (D.N.M. 2015) (stating that at the conditional certification stage, the Court does not decide the merits of claims or resolve factual disputes).

Secondly, Defendants argue that "merely entering into an independent contractor relationship is not a 'decision, plan or policy' sufficient to meet the conditional certification standard."  [Doc. 52 p. 6]  Rather, Defendants contend, "Plaintiff must provide evidence that . . .

---

[1] *See* "Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Conditional Certification" Ex. C at 1-26, ECF No. 43.

Defendants had a policy, plan, or made a decision that is inconsistent with the independent contractor characterization."   [Id.]   While the Court does not disagree with this general proposition, Defendant's argument does not present a conflict with Judge Fouratt's determination.  As noted in the PFRD, "Plaintiff . . . proffered substantial allegations that he and the putative class members [all of whom were flow testers] were employees of the same company, [they] all  . . . worked in excess of 40 hours per week[,] and were subjected to the same overtime policies and practices[.]"  PFRD 6.  Under these circumstances, that Defendants had a practice of classifying flow testers as independent contractors and, on that basis, not paying them overtime wages is sufficient, under the lenient standard applicable to conditional certification, to show that the flow testers were victims of the same decision, policy, or plan. *Renfro v. Spartan Computer Servs., Inc.*, 243 F.R.D. 431, 433-34 (D. Kan. 2007) ("Generally, where putative class members are employed in similar positions, the allegation that defendants engaged in a pattern or practice of not paying overtime is sufficient to allege that plaintiffs were together the victims of a single decision, policy or plan.")

In summary, Defendants' objection to Judge Fouratt's "similarly situated" determination is not persuasive.  The Court agrees with Judge Fouratt that Plaintiff's allegations satisfy the lenient burden applicable to conditional class certification.   Accordingly, the Court **OVERRULES** Defendants' objection in this regard.

### B.  The Magistrate Judge's Observation of a Similar Case from the District of New Mexico Was Not Erroneous

Next, Defendants object that "the Magistrate Judge erred in finding relevant 'lead counsel's' representation of another well company in an unrelated litigation."  Defs.' Objs. 8.  They argue that "[n]o collateral or judicial estoppel can be applied to an unrelated party simply

because they are represented by the same counsel." *Id.* at 8-9.  Further, they claim that Judge Fouratt "compounded the error by claiming that he 'agrees with the parties' position in Saenz and finds no justification for finding otherwise in the instant matter.'" *Id.* at 9 (citing PFRD 7). By their estimation, "there is no 'decision' in Saenz for the Magistrate Judge to rely [upon]," and as a consequence, they request this Court set aside or modify the findings of Judge Fouratt's PFRD. *Id.*

Defendants' objection in this regard overstates the significance of Judge Fouratt's discussion of the Saenz matter in the PFRD. [Doc. 48 p. 7]  Contrary to Defendants' argument, the PFRD does not support the notion that the magistrate applied the principles of collateral or judicial estoppel to this matter based upon Saenz.  Judge Fouratt's mere observation of the circumstances of Saenz which, in the Court's view, was intended only to exemplify the lenient standard at this stage of the proceedings is not grounds for modifying or rejecting the PFRD. The Court **OVERRULES** this objection.

### C. The Magistrate Judge Did Not Err By Denying Defense Counsel's Request to Include Their Contact Information in the Class Notice

Finally, Defendants object to the PFRD's mention "that Defendants did not object to their right to communicate with potential claim members about the litigation."  Defs.' Objs. 9. Defendants claim that they "created a separate response in [their] brief challenging Plaintiff's attempt not to include Defendants['] contact information on the notice." *Id.*  That separate "response," *in toto*, reads as follows:

> g. The Proposed Notice should contain contact information for defense counsel.
>
> In the interest of fairness, the Proposed Notice should contain defense counsel's contact information as well as Plaintiff's counsel. *See Creten-Miller* at *11.

8

Defs.' Resp. 20.  From these words, which make *no mention* of defense counsel affirmatively communicating with putative class members, Defendants construe that they have made "a direct challenge to Plaintiff's argument, that is absent any legal support, that Defendants should not be able to communicate with potential class members prior to their decision to opt-in."  Defs.' Objs. 9.  They also claim that "because a potential class member does not 'opt-out,' [Judge Fouratt's] ruling would bar Defendants' counsel from voluntary communications with potential witnesses who already made the decision that they do not want to be part of Plaintiff's litigation."  *Id.*

This objection conflates two distinct issues.  The first of these is whether this Court should allow defense counsel to include their contact information in the proposed class notice.  This issue was argued during the litigation concerning class certification and is now properly before the Court.  Since the filing of the PFRD, however, Defendants have offered no new case law to support their position.  This is unsurprising, as one court has noted that "there is no basis in law or logic" for including defense counsel's name and contact information in a class notice. *See Gambo v. Lucent Techs., Inc.,* No. 05 C 3701, 2005 WL 3542485, at *7 (N.D. Ill. Dec. 22, 2005) (unpublished).  Other courts have reasoned, "Defense counsel does not play a role in managing the distribution of the notice or the gathering of consent forms. Including additional lawyers only creates the potential for confusion of those who receive the notice."  *Cryer v. Intersolutions, Inc.*, No. CIV.A. 06-2032 (EGS), 2007 WL 1053214, at *1 (D.D.C. Apr. 7, 2007) (unpublished).  *See Pierce v. Wyndham Vacation Resorts, Inc.*, No. 3:13-CV-641-PLR-CCS, 2015 WL 3651464, at *2 (E.D. Tenn. June 1, 2015) (unpublished).  Still others have held that "[i]ncluding contact information for defense counsel in the class notice risks violation of ethical rules and inadvertent inquiries, thus engendering needless confusion."  *Harris v. Vector Mktg.*

9

*Corp.,* 716 F. Supp. 2d 835, 847 (N.D. Cal. 2010).  Generally, courts agree that "[o]nce a class has been certified; the rules governing communications [with class members] apply as though each class member is a client of the class counsel." *Harris v. Vector Mktg. Corp.,* 716 F. Supp. 2d 835, 847 (N.D. Cal. 2010) (citing MANUAL OF COMPLEX LITIGATION § 21.33 (4th ed. 2004)). This Court, as Judge Fouratt recommended, should not be "in the business of risking, causing, or otherwise promoting ethical conflicts."  PFRD 15.  This Court concurs and agrees "there is no reasonable basis for the addition of defense counsel's contact information to the class notice." PFRD 15.  Thus, this objection is **OVERRULED**.

The second issue that Defendants attempt to raise is whether they may contact putative class members *generally*.  In his motion to certify this collective action, Plaintiff clearly advanced his request that "during the opt-in period . . . the court issue an order prohibiting Defendants from communicating with the class members regarding this lawsuit or its resolution." Pl.'s Mot. 18.  Yet, nowhere in their response [ECF No. 39] did Defendants challenge that request.  Defendants elected instead to simply request that their contact information be included on the class notice.  *See* Defs.' Resp. 20.  In failing to object to Plaintiff's request that the Court forbid defense counsel from communicating with putative class members in the opt-in period, Defendants have waived their right to make that objection now.  *See Marshall*, 75 F.3d at 1426 (holding that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived").  *See also Garfinkle*, 261 F.3d at 1031.  Having so chosen, Defendants may not now alter their responsive pleadings through objections to Judge Fouratt's PFRD.  Because Defendants have raised this issue for the first time in their objections, the Court considers this objection **WAIVED**, and as such, **OVERRULES** it.

IV.     **CONCLUSION**

Having applied *de novo* review to Magistrate Judge Fouratt's PFRD [ECF No. 48], the record, and the objections and submissions of the parties [ECF Nos. 52, 56], the Court hereby **ADOPTS** the PFRD and its recommendations as filed.  Therefore, the Court:

1. **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion [ECF No. 29];

2. **FINDS** that Plaintiff has met the lenient and relatively low burden necessary to certify his FLSA collective action;

3. **CONDITIONALLY CERTIFIES** Plaintiff's collective action as defined in the PFRD;

4. **ORDERS** the parties to file a joint proposed class notice that conforms to this order within ten (10) days of its issuance, to be distributed to putative class members who worked for Defendants in the states of New Mexico, Ohio, West Virginia, and Texas; and

5. **DENIES** Defendants' Motion and Memorandum for Protective Order [ECF No. 31] as it is rendered **MOOT** by this decision.

**SO ORDERED** this 15th day of September, 2016.

M. CHRISTINA ARMIJO
CHIEF UNITED STATES DISTRICT JUDGE