UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

RANDY WILLIAMSON, on behalf
of himself and all others similarly situated,

    Plaintiff,

v.     Civ. No. 15-878 MCA/GJF

AMERIFLOW ENERGY SERVICES
L.L.C., CRESCENT SERVICES L.L.C.,
and CRESCENT CONSULTING L.L.C.,

    Defendants.

## AGREED PROTECTIVE ORDER

Plaintiff and Defendants, by counsel, hereby agree that during the course of discovery certain of the documents produced by each party may contain confidential information and that the parties have no wish or intention to use such confidential information for any purpose other than the prosecution and defense of this litigation.

Therefore, the parties agree, subject to the approval of the Court, as follows:

1.   This Order covers all documents and information designated "CONFIDENTIAL" by either party (the "Confidential Information").

2.   Any party to this lawsuit may designate any items or information produced by him or it, as Confidential Information, if such designating party has a good faith belief that the designated information is, constitutes or relates to any of the following:

    2.1   Social Security Numbers, Tax Identification Numbers, Employer Identification Numbers, birthdays, financial institution account numbers, personal medical information or other similar information that a reasonable person would regard as personal or confidential ("Confidential Personal Information");

2.2 W-9 forms, W-3 forms, W-2 forms, form 1099s, form 1040s, tax returns and financial statements of or related to the Plaintiff, an opt-in plaintiff, a class member or a putative class member;

2.3 financial statements, financial records, accounting and bookkeeping records, audit results, or tax returns of any of the Defendants, or Defendants' respective owners or companies controlled in whole or in part by any Defendant;

2.4 insurance records or benefit records, including without limitation beneficiary designations (also "Confidential Personal Information");

2.5 any Defendant's contracts, master service agreements, negotiations, invoices to customers, pricing-data or bid sheets;

2.6 any Defendants' policies, procedures and handbooks applied to employees or contractors;

2.7 policies, procedures and handbooks supplied to any Defendant by a customer;

2.8 identity of any of Defendant's customers or suppliers;

2.9 all equipment, supply or tool lists created by any Defendant;

2.10 actual or estimated costs, bids or rental prices of all equipment, supplies and tools owned or provided by any Defendant to customers; and

2.11 trade secrets which are defined to mean: "A secret, commercially valuable plan, formula, process, or device that is used for the making, preparing, compounding or processing of trade commodities and that can be said to be the end product of either innovation or substantial effort." *Herrick v. Garvey,* 298 F.3d 1184, 1190 (10th Cir. 2002).

3. All Confidential Information may be disclosed only as follows:

   (a) To counsel of record to the parties herein, including all regular employees of counsel such as legal associates, paralegals, secretaries and other support staff, so long as such persons are informed of this order and orally agree to its terms;

   (b) To the Court, *in camera*, and to court reporters, including deposition court reporters and their staff;

   (c) To an actual deposition witness during a deposition or trial witnesses during trial, but witnesses shall not be allowed to retain copies of Confidential Information absent compliance with paragraph 4;

   (d) To a Defendant while assisting counsel in the defense of this action;

   (e) To a Plaintiff while assisting counsel in the prosecution of this action; however, the only Confidential Information that may be disclosed to a Plaintiff is

      (i) Confidential Personal Information relating solely to that particular Plaintiff; and

      (ii) The Confidential Information described at Sections 2.6, 2.7 and 2.9.

   (f) To outside experts or consultants employed by counsel for the purpose of assisting in the prosecution or defense of this action, subject to the terms of paragraph 4.

4. Counsel for the respective parties shall be responsible for informing witnesses, experts or consultants, as necessary, of the contents of this protective order. Disclosure to any persons specified in subparagraphs (c) and (f) of paragraph 3 above shall be permitted only after each such person acknowledges and agrees in writing to be bound by the terms of this order by signing the acknowledgement attached hereto as Exhibit "1."

5. Confidential Information shall at all times during the litigation be maintained in the utmost confidentiality by all parties having access to it and shall not be disclosed except as permitted by this order or a subsequent order of this Court.

6. Any "CONFIDENTIAL" designation shall be without prejudice to the rights of the other party to apply to the Court for a determination of whether the designation is proper.

However, the challenging party shall first confer with opposing counsel in a good faith attempt to resolve the designation issue by agreement. If those attempts fail, then the challenging party shall have the right to file an appropriate motion seeking a ruling from the Court regarding the propriety of the "CONFIDENTIAL" designation. If the challenging party files such a motion, the designating party shall bear the burden of establishing to the Court's satisfaction that the designated material qualifies for treatment as Confidential Information. Each party also has the right to apply for a further protective order if it believes greater protection than that afforded hereby is necessary for certain information to be produced. No party shall be obligated to immediately challenge the propriety of a "CONFIDENTIAL" designation. Failure to do so shall not preclude a subsequent objection to the designation, or any motion to seek permission to disclose Confidential Information to persons not referred to in this Order.

7. If a party determines in good faith that material which was not previously designated as "CONFIDENTIAL" should have been designated as "CONFIDENTIAL," that party may make such designation at that time. A designation under this paragraph shall take effect at the time it is made and communicated in writing to the other party. Inadvertent failure to designate material as "CONFIDENTIAL" shall not constitute a waiver of any otherwise valid claim for protection.

8. The parties acknowledge that inadvertent production of privileged matters shall not be deemed to be either (a) a general waiver of the attorney-client privilege, the work-product privilege or other similar privilege or (b) a specific waiver of any such privilege with respect to any such matters. In the event that a party inadvertently produces information that the party considers to be subject to any privilege or other legal protection from disclosure, that party shall give written notice to the receiving party within 30 days after discovery by the producing party of the inadvertent production of such information. Such written notice shall

identify the information and provide necessary details in order to allow the receiving party to locate the identified information.  Upon receipt of such notice, the receiving party shall return the identified information to the producing party and shall destroy any other copies thereof; provided, however, such actions will be without waiver of the right of the receiving party to challenge the substantive label of privilege or other protection.

9.   If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this order, the receiving party must immediately (a) notify in writing the producing party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this order and (d) request such person or persons execute the acknowledgment that is attached hereto as Exhibit "1."

10.   All electronic filings that contain Confidential Information shall be filed in compliance with the Electronic Case Filing Procedures for the District of New Mexico.

11.   The Court will determine when the documents will be treated as public records when and if they are introduced in open court and with the further understanding that any party may seek additional in-court protection or safeguards as to documents designated as "CONFIDENTIAL."  Unless otherwise ordered, within 45 days after the final termination of this action and the expiration of all appeals or rights to appeal, upon written request of the producing party, the receiving party must return to the other party or parties or destroy (at the receiving party's option) all Confidential Information.  As used in this paragraph, "all Confidential Information" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Confidential Information.  Whether the information is returned or destroyed, the receiving party must submit a written certification to the other party or

parties by the 45-day deadline that identifies all returned or destroyed Confidential Information. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Confirmation Information. Any such archival copies that contain or constitute Confidential Information remain subject to this order. The Court retains jurisdiction indefinitely with respect to any dispute of the parties regarding Confidential Information.

12. By agreeing to this order, no party waives its attorney-client privilege or any other protections provided by federal or state law. This order shall not abrogate or diminish any contractual, statutory or other legal obligations or right of any party or person with respect to any "Confidential Information."

13. Nothing in this order shall be deemed a waiver of a producing party's right to (a) oppose discovery on grounds other than that the discovery sought constitutes or contains Confidential Information, (b) seek further protection other than that which this order prescribes with respect to Confidential Information or (c) object on any ground to the admission in evidence, at any trial or public proceeding in this matter, of any type or classification of material produced or disclosed pursuant to this order. Nothing in this order shall limit the right of any person to seek judicial review or to pursue other appropriate judicial action to seek a modification or amendment of this order.

14. Nothing in this order shall limit in any manner a party's own use of any documents, deposition testimony, materials or other information produced by it or designated by that party as "CONFIDENTIAL," for any reason including that such Confidential Information was produced or designated by it as "CONFIDENTIAL" or because such Confidential Information was also produced or designated as "CONFIDENTIAL" by another party.

15. Nothing in this order affects the rights of any party with respect to its claims of ownership of or possession of any of the documents or information at issue in this lawsuit.

**IT IS SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT 1**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO**

RANDY WILLIAMSON, on behalf
of himself and all others similarly situated,

    Plaintiff,

v.                                                                                          Civ. No. 15-878 MCA/GJF

AMERIFLOW ENERGY SERVICES
L.L.C., CRESCENT SERVICES L.L.C.,
and CRESCENT CONSULTING L.L.C.,

    Defendants.

**ACKNOWLEDGEMENT**

(i)    I am aware that the Court in the above-captioned action entered an Agreed Protective Order the _____ day of _____, 2016.  I have received and read a copy of that Agreed Protective Order.

(ii)    I agree to review or otherwise use the Confidential Information produced in the above-captioned action only under supervision of a party's counsel and only in connection with the above-captioned action.

(iii)    I agree that I am bound by the terms of the Agreed Protective Order, and I agree that I will not disclose or discuss Confidential Information to or with any person other than those permitted access to such Confidential Information under the Agreed Protective Order.

_____
Signature

_____
Print name

_____
Date