UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

RANDY WILLIAMSON, on behalf
of himself and all others similarly situated,

    Plaintiffs,

v.                                                Civ. No. 15-878 MCA/GJF

AMERIFLOW ENERGY SERVICES
L.L.C., CRESCENT SERVICES L.L.C.,
and CRESCENT CONSULTING L.L.C.,

    Defendants.

## REPORT AND RECOMMENDATIONS

This matter comes before the Court on Plaintiffs' "Unopposed Motion for Approval of FLSA Settlement and Stipulation of Dismissal of Settled Claims with Prejudice" ("Motion") [Doc. 122]. On April 28, 2017, the undersigned conducted a fairness hearing pursuant to the Order of Reference filed by Chief U.S. District Judge M. Christina Armijo [Doc. 123] on April 7, 2017. Having now reviewed the Motion and heard argument from all parties, the Court **REPORTS** the following findings:

1. Plaintiff Randy Williamson commenced this case against Defendants. Fifteen additional individuals later joined this lawsuit as party-plaintiffs. Mr. Williamson and the fifteen opt-in Plaintiffs asserted claims against Defendants for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New Mexico Minimum Wage Act, N.M. Stat. Ann. § 50-4-20 *et seq.* ("NMMWA").

2. Counsel to the Plaintiffs represented to the Court that multiple good-faith attempts were made to notify each Plaintiff individually of the hearing and the right to attend it by telephone. Although only fourteen (14) of the sixteen (16) Plaintiffs were notified, the Court

finds that Plaintiffs' counsel made good faith efforts to inform all Plaintiffs of their right to attend and participate in the fairness hearing.

3. This Court has jurisdiction over this lawsuit and all parties to this lawsuit.

4. The parties have had and continue to have bona fide disputes on several issues, including the Plaintiffs' classification as independent contractors or *de facto* employees, whether any FLSA violation was willful so as to expand the applicable statute of limitations, the viability of the "good faith" defense, and the type, computation, and amount of damages.

5. The Court has reviewed the Motion, along with the Confidential Settlement Agreement [*see* attach. 1][1] between the Defendants and Plaintiff Williamson (who signed the Agreement individually and as authorized agent on behalf of the other fifteen Plaintiffs), and other materials provided *in camera*.

6. As set forth in the Motion and the Settlement Agreement, and as further substantiated by information provided to the Court during the fairness hearing, the settlement reached by the parties is a fair and reasonable resolution of this lawsuit and was negotiated at arms-length and free of collusion by qualified counsel on both sides. This case has been vigorously litigated throughout its nineteen-month existence, with the parties contesting nearly every facet of the case, including certification of the FLSA collective, notice to the collective, and discovery. The Court has no doubt that similarly-intense litigation would have continued throughout the remaining pretrial and trial phases of this case but for the settlement reached between the parties.

---

[1] In the interests of maintaining the confidentiality of the settlement process and agreement in this case, the Court **GRANTS** the parties' motion to seal all materials provided to this Court *in camera*. These documents will be filed under seal as attachments 1 through 3 in a supplement to this Report and Recommendation. The Court also **GRANTS** the parties' oral motion to seal the recording of the fairness hearing given that specific terms of the confidential settlement agreement were explicitly discussed.

7. The Court finds that the criteria evaluated by Plaintiffs' counsel and Plaintiff Williamson in deciding to accept the total settlement amount were prudent and reasonable. The Court is especially persuaded of the reasonableness of the total settlement amount because it represents almost 82% of the "net-in-pocket" amount that the collective plaintiffs would have received after trial, assuming two years of affected wage payments. The Court also credits defense counsel's explanation that the total settlement amount was actually at or above the Defendants' estimated post-trial damages valuation.

8. The Court finds that Plaintiffs' counsel adequately discussed with each individual Plaintiff the total settlement amount, the percentage of the total amount that would be disbursed to Plaintiff's counsel for fees and costs, and the individual disbursement that each Plaintiff would receive. *See* attach. 2.

9. The Court finds, based on the reasoning detailed in Plaintiff's Motion [*See* Pl.'s Mot. 8-16, Doc. 122], that the portion of the total settlement amount proposed for Plaintiffs' attorney fees and costs is reasonable and just, particularly given the complexity and intensity of litigation in this case, the specialized knowledge that such cases require to successfully prosecute, and the financial risk that contingency cases of this kind impose on plaintiff counsel. *See* attach. 3. The Court further observes that the 40% contingency fee percentage applicable in this case yields an amount that is significantly less than the "lodestar" amount that would otherwise apply if Plaintiff's counsel were compensated on an hourly rate basis.

10. Counsel to the Plaintiffs represented to the Court that all Plaintiffs consent to the settlement with Defendants and the relief requested in the Motion. After reasonable inquiry, the Court is aware of no objection by any Plaintiff to any aspect of the proposed settlement.

11. The Court makes no finding or recommendation as to the validity, or lack thereof, of any claim against any Defendant. Likewise, the Court makes no finding or recommendation as to whether any Defendant is liable under the FLSA, the NMMWA, or any other potentially applicable law.

12. The Court further finds that the parties have consented to this Court maintaining jurisdiction over this matter to enforce all terms and conditions of the Settlement Agreement.

**IT IS THEREFORE RECOMMENDED** that:

A. Plaintiffs' Motion should be granted.

B. The claims of all Plaintiffs against all Defendants should be dismissed with prejudice.

C. The Settlement Agreement submitted to the Court *in camera* should be approved in its entirety. All opt-in class members and the named Plaintiff should be deemed to have released their claims pursuant to the Settlement Agreement.

D. All payments as described in the Settlement Agreement should be approved, including the payments to the Plaintiffs and the Plaintiffs' counsel's fees and costs.

E. The Defendants should be ordered to make all payments according to the schedule set forth in the Settlement Agreement.

F. The Court shall retain jurisdiction over the parties and the Settlement Agreement to enforce the agreement should any controversy arise about the terms of the Settlement Agreement or any party's performance of its obligations under the Settlement Agreement.

**IT IS SO RECOMMENDED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of this Report and Recommendations they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(c). Any request for an extension must be filed in writing no later than seven days from the date of this filing. **Should the parties have no objections, they may choose to waive the fourteen-day period by filing notice of their lack of objections to this Report and Recommendations. A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**